IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACK A.,[1] | ) |
|       Plaintiff, | ) |
| | ) No. 20 C 3446 |
| v. | ) |
| | ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) Maria Valdez |
| Commissioner of Social Security,[2] | ) |
|       Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Jack A.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 15] is denied, and the Commissioner's request for affirmance [Doc. No. 19] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On July 31, 2017, Plaintiff filed a claim for DIB, alleging disability since April 30, 2016. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 8, 2018. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. At the hearing, Plaintiff amended the alleged onset date to April 15, 2017.

On May 9, 2019, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date of April 15, 2017. At step two, the ALJ concluded that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar and cervical spine; tendon/ligament tear of the left ankle (status post repair); degenerative joint disease and tendon tears of the left shoulder and rotator cuff (status post repair); degenerative joint disease and

2

tendon tears of the right shoulder and rotator cuff (status post repair); and obesity. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal a listed impairment.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can lift and carry up to 20 pounds occasionally and 10 pounds frequently; is limited to occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and stairs; can never climb ladders, ropes, or scaffolds; and can frequently reach, push, and pull in all directions with the bilateral upper extremities. At step four, the ALJ concluded that Plaintiff is capable of performing his past relevant work as a courier and hotel clerk, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments

3

enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not

4

high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to

fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ did not incorporate into the RFC the bilateral overhead reaching limitation found by a state agency consultant; (2) the ALJ misquoted the opinion of Dr. Charles Bush-Joseph; (3) the ALJ incorrectly stated the findings of a shoulder September 2018 MRI; and (4) the ALJ improperly weighed the opinion of Dr. Charles Brikha. Each argument will be addressed below in turn.

#### A. State Agency Consultant Opinion

Plaintiff claims error with respect to the ALJ's treatment of the opinion of the state agency consultant who provided an opinion at the reconsideration level. The ALJ assessed the state agency consultant's opinion as follows:

> At reconsideration, the State agency medical consultant found that [Plaintiff] was limited to light exertional work, with manipulative, postural, and environment limitations. This opinion is persuasive, as it

6

>is consistent with and supported by the overall record, which shows improved functional ability with treatments.

(R. 19-20 (citations omitted).) According to Plaintiff, the state agency doctor determined that Plaintiff was "limited to occasional overhead reaching bilaterally" and the ALJ erred because her "RFC does not include occasional overhead reaching." (Pl.'s Memo at 9.)

However, an "ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians." *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) (citation omitted). Accordingly, the Court agrees with Defendant that "nothing requires the ALJ to adopt each and every limitation opined by a physician, even when she finds the opinion persuasive." (Def.'s Resp. at 12.) Further, the Court agrees with Defendant that any error with respect to the ALJ's assessment of the state agency consultant's opinion is harmless, as the job of hotel clerk (Plaintiff's previous job that the ALJ determined he could perform) involves reaching and handling occasionally. Thus, even if Plaintiff were limited to only occasional reaching, he could perform his past relevant work as a hotel clerk. Ultimately, the Court rejects Plaintiff's first argument.

### B. Opinion of Dr. Charles Bush-Joseph

Plaintiff complains that the ALJ misquoted Dr. Bush-Joseph (shoulder surgeon) when she stated that the doctor "allowed the claimant to continue work at full duty without restrictions" in April 2017. (R. 17.) Plaintiff asserts that Dr. Bush-Joseph's note at the time stated that Plaintiff should "continue to follow his ankle surgeon's recommendation in regard to work restrictions after his recent left ankle

7

surgery." (Pl.'s Memo at 10.) However, Dr. Bush-Joseph's April 2017 note does in fact state that that Plaintiff "may continue to work at full duty without restrictions." (R. 333.) The Court agrees with Defendant that it was not error (and not a misquote) for the ALJ to acknowledge Dr. Bush-Joseph's statement in that respect. Accordingly, the Court rejects Plaintiff's second argument.

### C. September 2018 Shoulder MRI

Plaintiff asserts that the ALJ incorrectly stated that a "September 2018 MRI of the left shoulder revealed post-surgical changes of prior supraspinatus tendon repair, but no evidence of a full-thickness recurrent tear." (R. 18.) Plaintiff points out that the MRI does in fact show a tear. However, the Court agrees with Defendant that even if the ALJ may have overlooked some of the finding of the shoulder MRI, Plaintiff has failed to show that any harm resulted because the ALJ did place some limitations with respect to Plaintiff's upper extremities (*i.e.*, only frequent reaching, pushing, and pulling). Furthermore, and in any event, the Court finds that the ALJ's assessment of Plaintiff's shoulder condition as of September 2018 is otherwise supported by her notations that "the claimant wanted to continue with Crossfit" and was "doing Olympic Lifts at Crossfit the day before." (*Id.* at 18.) Accordingly, the Court rejects Plaintiff's third argument.

### D. Opinion of Dr. Charles Brikha

In his final argument, Plaintiff contends, essentially, that the ALJ improperly evaluated the opinions of Dr. Brikha. The ALJ assessed Dr. Brikha's opinions as follows:

8

> September 2016 notes show that the claimant complained of lower backache. Charles Brikha, M.D., limited the claimant to sedentary work. In October 2016, Dr. Brikha continued the sedentary work allowance until completion of physical therapy. The opinions of Dr. Brikha are not persuasive, as subsequent records show improved functional ability, which are not consistent with a sedentary work limitation.

(R. 18-19 (citations omitted).) Plaintiff's claimed errors are belied by the fact that the ALJ gave a sound reason (medical records showing substantial improvement) for rejecting Dr. Brikha's conclusion.

Furthermore, in addition to medical records showing improved functional ability, the ALJ's determination that Plaintiff could perform more than sedentary work is supported by Plaintiff's own testimony, which the ALJ noted as follows:

> The claimant stated that he joined Crossfit in October 2017 and goes to the gym every other day, or 3 times per week. He testified that he lifts 20-pound weights, and uses a support box for pull-ups. . . . He estimated that he is able to jog up to 200 meters, stand up to 15 minutes, and sit comfortably for 15 minutes. Despite these allegations, the claimant reported that he is able to perform personal care, prepare his own meals, do laundry, mow the lawn, drive a car, go out alone, shop in stores, visit his father in the nursing home, handle his own finances, spend time with others, attend church, and perform hobbies such as watching television and working out at the gym.

(*Id.* at 16.) Ultimately, the Court finds that the ALJ's assessment of Dr. Brikha's opinions was proper and her overall rejection of a sedentary work limitation is supported by substantial evidence. Accordingly, the Court rejects Plaintiff's fourth argument.

## **CONCLUSION**

For the foregoing reasons, the points of error raised by Plaintiff are not well-taken. Accordingly, Plaintiff's motion for summary judgment [Doc. No. 15] is denied, and the Commissioner's request for affirmance [Doc. No. 19] is granted.

**SO ORDERED.**                                  **ENTERED:**

**DATE:**   **December 13, 2021**                _____
                                                                      **HON. MARIA VALDEZ**
                                                                       **United States Magistrate Judge**